UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| KEVIN ABDUL GILBERT, | ) | Case No. C07-1473-RSL-JPD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| GEARY C. MURRAY, | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Kevin Abdul Gilbert, a state inmate, is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights suit against Kent Police Detective Geary Murray. Dkt. No. 4.   Plaintiff's complaint alleges excessive force, assault and battery, and  false imprisonment on the part of the defendant occurring during an arrest and booking on August 28, 2002. *See* Dkt. No. 4 at 3-4.  The present matter comes before the Court on the defendants' Motion to Dismiss, filed November 14, 2007.  Dkt. No. 8.[1]  After careful consideration of the motion, response, the governing law and the balance of the record, the Court recommends that defendants' Motion to Dismiss be GRANTED, and plaintiff's case be DISMISSED with prejudice.

_____

[1]   One week after defendant filed his motion to dismiss, plaintiff asked the Court for leave to file an amended or supplemental complaint. *See* Dkt. No. 10.  However, even assuming that plaintiff's motion meets the requirements of Fed. R. Civ. 15 (which it does not), it would be denied for the reasons set forth in this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE – 1

01
## II.   FACTS AND PROCEDURAL HISTORY

02        On August 24, 2002, Plaintiff Kevin Gilbert killed one man and seriously wounded a

03   second in a gang-related shooting.  *State v. Gilbert*, 138 Wn.App. 1060, 2007 WL 1589441,

04   *1 (Wash. Ct. App. 2007) (unpublished opinion).  Four days later, the defendant arrested and

05   booked plaintiff for these crimes.  The State charged plaintiff with second-degree murder and

06   first-degree assault, and a jury convicted him of second-degree murder and fourth-degree

07   assault.  *Id.*  However, the trial court later granted plaintiff's motion for a new trial and, upon

08   retrial, a second jury convicted plaintiff on the same charges.  *Id.* at *2.  Plaintiff was later

09   sentenced to approximately thirty years in prison.  His second conviction was upheld on

10   appeal.  *Id.* at *6.

11        Plaintiff's § 1983 lawsuit relates to his arrest and booking.  His complaint alleges that

12   on August 28, 2002, he was "unlawfully arrested searched, handcuffed[,] fingerprint[ed],

13   strip[-]searched, . . . harass[ed], and . . . imprisoned" in violation his Fourth and Fourteenth

14   Amendment rights.  Dkt. No. 4 at 3-4.  Plaintiff contends that the assaults resulted in serious

15   bodily injury, mental anguish, humiliation, distress, shame, and public ridicule, for which he

16   seeks the sum of $1,000,000.  Dkt. No. 4 at 4-5.

17
## III.   DISCUSSION

18    A.    Fed. R. Civ. P. 12(b)(6)

19        A federal district court may dismiss a complaint for failure to state a claim pursuant to

20   Fed. R. Civ. P. 12(b)(6) only when it appears beyond a doubt that the plaintiff can prove no set

21   of facts that would entitle him to relief.  *Homedics, Inc. v. Valley Forge Ins. Co*., 315 F.3d

22   1135, 1138 (9th Cir. 2003).  In doing so, the district court must accept all factual allegations in

23   the complaint as true and must liberally construe those allegations in a light most favorable to

24   the non-moving party.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  Conclusory

25   allegations will not be similarly treated, nor will arguments that extend far beyond the

26   allegations contained in the complaint.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d

REPORT AND RECOMMENDATION
PAGE – 2

01    1136, 1139 (9th Cir. 2003).  The district court should not weigh the evidence, ponder factual

02    nuances, or determine which party will ultimately prevail; rather, the issue is whether the facts

03    alleged in the plaintiff's well-pleaded complaint, accepted as true, are sufficient to state a claim

04    upon which relief can be granted.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

05          B.   <u>Plaintiff's Complaint Is Barred by the Applicable Statute of Limitations</u>

06          If a claim is barred by an applicable statute of limitations, dismissal pursuant to Rule

07    12(b)(6) is appropriate.  *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).

08    Such an attack, brought as a 12(b)(6) motion, often involves a nimble interplay of state and

09    federal law.

10          Because § 1983 contains no specific statute of limitations, this Court must borrow the

11    forum state's statute of limitations for personal injury actions.  *Knox v. Davis*, 260 F.3d 1009,

12    1012 (9th Cir. 2001).  State law also governs tolling of the statute of limitations to the extent

13    that such rules are not inconsistent with federal law.  *Hardin v. Straub*, 490 U.S. 536, 539

14    (1989); *Morales*, 214 F.3d at 1155.  However, federal courts apply Fed. R. Civ. P. 3 in order

15    to determine when a § 1983 action is "commenced" for tolling purposes.  *Sain v. City of Bend*,

16    309 F.3d 1134, 1138 (9th Cir. 2002).[2]  Pursuant to Rule 3, an action is commenced when the

17    complaint is filed with a district court.  *Id.*

18          In Washington, claims of assault, assault and battery, and false imprisonment are

19    generally governed by a two-year statute of limitations.  *See* R.C.W. § 4.16.100(1) (assault,

20    assault and battery, or false imprisonment); *Manning v. Washington*, 463 F. Supp. 2d 1229,

21    1234 (W.D. Wash. 2006).  However, the United State Supreme Court has held that, in

22    considering § 1983 claims, courts should borrow the forum state's general or residual statute

23    of limitations for personal injury actions.  *Owens v. Okure*, 488 U.S. 235, 250 (1989); *see also*

24    *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123-24 & n.5 (2005).  "In

25

26        [2]   The Ninth Circuit has also recently explained that "that federal procedural rules
thereafter govern the action, at least when there is a federal rule to apply."  *S.J. v. Issaquah
School Dist. No. 411*, 470 F.3d 1288, 1289 (9th Cir. 2006).

REPORT AND RECOMMENDATION
PAGE – 3

01  Washington, that would be three years." *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989)

02  (citing R.C.W. § 4.16.080(2)).  Accordingly, the applicable limitations period in this case

03  expired three years from the date plaintiff's cause of action "accrued."  R.C.W. § 4.16.080(2);

04  *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

05       Although state law determines the length of the limitations period, federal law

06  determines when the claim accrues.  *Western Ctr. for Journalism v. Cederquist*, 235 F.3d

07  1153, 1156 (9th Cir. 2000).   Under federal law, a cause of action accrues and the limitations

08  period commences "when the plaintiff knows or has reason to know of the injury which is the

09  basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  In *Wallace v.*

10  *Kato*, the Supreme Court restated this general rule by explaining that accrual occurs "when the

11  plaintiff has 'a complete and present cause of action'" which, in most personal injury torts,

12  occurs "as soon as the allegedly wrongful [conduct] occurred."  *Wallace v. Kato*, 590 U.S.

13  ___, 127 S. Ct. 1091, 1095 (2007).

14       Here, plaintiff's complaint alleges that the wrongful conduct occurred on August 28,

15  2002, when he was arrested, searched, and booked.  Dkt. No. 4 at 3-4.  Accordingly, his §

16  1983 suit accrued via federal law on August 28, 2002, and expired under state law on August

17  28, 2005.  *See* R.C.W. § 4.16.080(2), *and TwoRivers*, 174 F.3d at 991.  However, plaintiff's

18  complaint was filed on September 20, 2007—more than two years after the statute of

19  limitations expired.  *See* R.C.W. § 4.16.080(2).  Accordingly, plaintiff's complaint is time-

20  barred.[3]

21       Furthermore, plaintiff has failed to allege, much less establish, a basis for statutory

22  tolling under the two potentially applicable state law provisions, R.C.W. §§ 4.16.170 and

23  _____

24       [3]   This conclusion is not altered by plaintiff's allegation that he was held without legal
      process on the date of his arrest, despite the fact that said arrest occurred "at 3:05 p.m. on a

25  Wednesday." Dkt. No. 4 at 3.  *See Wallace*, 127 S. Ct. at 1096 (tolling period ends the date legal
      process is initiated against the arrestee).  Plaintiff makes no allegation, and the record does not

26  suggest, that such process—e.g., an initial appearance and being bound over for trial—was not
      initiated for over two years after his arrest.  Accordingly, his suit remains time-barred.

REPORT AND RECOMMENDATION
PAGE – 4

01  4.16.190.  Plaintiff has also failed to allege, and the Court does not find, a basis for equitable

02  tolling in this case.  *See Millay v. Cam*, 135 Wn.2d 193, 206, 955 P.2d 791, 797 (1998) ("The

03  predicates for equitable tolling are bad faith, deception, or false assurances by the defendant

04  and the exercise of diligence by the plaintiff.").  Nor does tolling become a possibility merely

05  because portions of plaintiff's claim might implicate *Heck v. Humphrey*, 512 U.S. 477, 489

06  (1994).  *See Wallace*, 590 U.S. ___, 127 S. Ct. at 1099 (holding that the accrual date of a

07  § 1983 claim is not postponed by the presence of a possible bar to suit under *Heck*).

08         C.    Plaintiff's Attack on His Confinement Is Not Cognizable Under § 1983

09         Although plaintiff does not expressly pray for release, his complaint could be construed

10  as challenging the *validity*, not just the *conditions*, of his confinement.  To the extent it does

11  so, plaintiff's complaint is barred by United States Supreme Court precedent.  *See Heck*, 512

12  U.S. at 489 (holding that a § 1983 claim that calls into question the lawfulness of a plaintiff's

13  conviction or confinement does not accrue "unless and until the conviction or sentence is

14  reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus").

15  Specifically, "when a state prisoner seeks damages in a § 1983 suit, the district court must

16  consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of

17  his conviction or sentence; if it would, the complaint *must* be dismissed unless the plaintiff can

18  demonstrate that the conviction or sentence has already been invalidated."  *Id.* at 487

19  (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).

20         In the instant case, plaintiff continues to be in custody, and it is apparent that he has not

21  succeeded in satisfying *Heck*'s requirement of invalidating his sentence.  At least part of

22  plaintiff's action, if successful, would necessarily imply the invalidity of his conviction.  To the

23  extent it does so, his remedy lies in a habeas corpus petition, not a § 1983 complaint.  *See*

24  *Butterfield*, 120 F.3d at 1024.  To date, plaintiff has presented no evidence of his successful

25  pursuit of a habeas writ.  Accordingly, to the extent plaintiff attacks his present confinement,

26  the present § 1983 complaint may not proceed.

REPORT AND RECOMMENDATION
PAGE – 5

01

IV.   CONCLUSION

02          Under both Washington and federal law, plaintiff was not permitted to sit on the claims

03   for relief outlined in his § 1983 complaint for more than three years after the date of the alleged

04   wrongful conduct.  Because he did so, and because his untimeliness cannot be saved by any

05   statutory or equitable tolling, the Court recommends that defendants' Motion to Dismiss (Dkt.

06   No. 8) be GRANTED and plaintiff's complaint (Dkt. No. 4) be DISMISSED with prejudice.

07   As a result, plaintiff's motion for leave to file an amended or supplemental complaint (Dkt. No.

08   10) is DENIED.  A proposed order accompanies this Report and Recommendation.

09          Dated this 15th day of January, 2008.

10

11                                                        *James P. Donohue*

12                                                        JAMES P. DONOHUE
                                                          United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE – 6